UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION No. 1:10-10374-RGS
CIVIL ACTION No. 1:13-11345-RGS

ALEXANDER CUEVAS

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

March 13, 2014

STEARNS, D.J.

Petitioner Alexander Cuevas, acting *pro se*, brings this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Cuevas challenges his sentence, asserting an error in the calculation of his Criminal History Category (CHC) under the advisory United States Sentencing Guidelines (Sentencing Guidelines or Guidelines). For the reasons to be explained, Cuevas's petition will be denied.

BACKGROUND

On August 12, 2011, at the conclusion of a five-day jury trial, Cuevas was convicted of conspiring with co-defendant Jermaine Campos to possess

and distribute heroin and of distributing heroin on four separate occasions. The convictions were largely based on evidence of controlled purchases of heroin from Cuevas by a witness who, unbeknownst to him, was cooperating with the FBI's North Shore Violent Crime Task Force.

Prior to his federal conviction, Cuevas had been convicted in two separate state cases of drug and drug and gun offenses in the Massachusetts state court. Both cases involved heroin. The first offense occurred in Lynn on November 16, 2006, after officers observed what appeared to be a drug sale and arrested Cuevas, who was then in possession of two bags of heroin, $557 in cash, and two cell phones. The second occurred in Lynn on February 23, 2007, while Cuevas was awaiting trial on the first offense. Cuevas was arrested in possession of multiple bags of heroin and marijuana, as well as a shotgun and shotgun shells. Cuevas was eventually sentenced to two years of imprisonment for the 2007 offense and also received a six-month concurrent sentence for the 2006 offense.

On August 5, 2011, Cuevas moved for new trials on his state convictions, arguing that in both cases that the admission of a drug analyst's certificate without confirmatory testimony violated his Sixth Amendment right to confrontation as guaranteed by *Melendez-Diaz v.*

2

*Massachusetts*, 557 U.S. 305, 310 (2009) (holding that a drug analyst's certificate falls within the "core class of testimonial statements" with which the Confrontation Clause is concerned). However, because the rule announced in *Melendez-Diaz* was a "new rule" of constitutional law, it did not apply retroactively to convictions that were final as of the date it was decided (June 25, 2009). *See Commonwealth v. Melendez-Diaz*, 460 Mass. 238, 239-240 (2011). Consequently, on November 3, 2011, the state court denied Cuevas's motions for a new trial.

On November 30, 2011, at his federal sentencing, this court found Cuevas's base offense level (BOL) to be 24. In calculating his CHC, the court scored two points for the 2006 state conviction and three points for the 2007 conviction, for a total of five points. Because Cuevas had committed the federal offense while serving the remainder of a probationary term on the 2007 state conviction, Cuevas received two additional points, for a total of seven, resulting in a CHC of IV. The advisory Sentencing Guidelines range for a BOL of 24 and a CHC of IV is 77-96 months. The court imposed an incarcerated sentence of 84 months followed by a six-year term of supervised release.

On December 13, 2011, Cuevas appealed his federal conviction, arguing that the court had erred in admitting summary overview testimony in violation of Fed. R. Evid. 701, and in commenting on the evidence to the jury in violation of Fed. R. Evid. 605.  On April 5, 2013, the First Circuit Court of Appeals granted the government's motion for summary affirmance of Cuevas's conviction.  Cuevas sought a rehearing, which was denied by the First Circuit on April 22, 2013.  This section 2255 petition followed on June 3, 2013.

Meanwhile, in the wake of the disclosure of the Annie Dookhan scandal at the Massachusetts Department of Public Health Hinton Drug Laboratory,[1] Cuevas again moved, on September 17, 2012, and on February 7, 2013, for new trials on his state convictions.  On December 5, 2012, the state court granted the motion as to the 2007 heroin conviction, finding that Dookhan had verified the drug certificate introduced at trial, but left standing the firearms conviction, among others.[2]  On April 11, 2013, the state court granted Cuevas's motion on the same Dookhan-related ground

---

[1] *See United States v. Wilkins*, 943 F. Supp. 2d 248, 251-253 (D. Mass. 2013).

[2] The following week, the Commonwealth filed a notice of *nolle prosequi* as to the heroin count.

in the 2006 case.  On May 8, 2013, the Commonwealth entered a *nolle prosequi* in the 2006 case.

## DISCUSSION

Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "[I]f the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack."  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).  "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'"  *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962).  A cognizable section 2255 claim, unless it is constitutional or jurisdictional in nature, must reveal "exceptional circumstances" compelling redress.  *David*, 134 F.3d at 474.  The petitioner bears the burden of demonstrating an entitlement to relief.  *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

Cuevas's argument for relief is hinged on the state court's grant of his motions for new trials on his 2006 and 2007 drug convictions and the Commonwealth's subsequent entry of *nolle prosequis* on the drug offenses. Cuevas contends that without these convictions, he would have been found at his federal sentencing to have a CHC of III instead of IV. Specifically, he would have received a one point deduction for the vacated 2007 heroin count and a three point deduction for the vacated 2006 case, leaving a total of four points. A four point offense level corresponds to CHC III, which would result in an advisory Sentencing Guidelines range of 63 to 78 months (instead of 77 to 96 months). Consequently, he argues that he is entitled to be resentenced within the lower Guidelines range.

"Although the language of 28 U.S.C. § 2255 is quite general, the Supreme Court has restricted collateral attack for claims that do not allege constitutional or jurisdictional errors; such claims are said to be cognizable only where the alleged error presents 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Cofske v. United States*, 290 F.3d 437, 441 (1st Cir. 2002), quoting *Hill,* 368 U.S. at 428. In *Cofske*, the First Circuit held that "a guideline violation alone is not

automatically a basis for relief under [section] 2255." *Id.*, citing *Knight v. United States,* 37 F.3d 769, 772-773 (1st Cir. 1994).

As a general rule, a claim of error that is not constitutional or jurisdictional in nature, that was neither raised in the district court nor raised on direct appeal, may not be collaterally attacked under section 2255.[3] *Knight,* 37 F.3d at 772; *see also United States v. Frady,* 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."). In such cases, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States,* 523 U.S. 614, 622 (1998) (citations omitted). The court will assume without deciding that Cuevas learned of the Dookhan scandal too late to effectively raise the issue before his federal appeal was terminated, thereby excusing the procedural default (although the court notes that the 2007 state conviction had been

---

[3] In his memorandum, Cuevas erroneously asserts that his claim is constitutional in nature. A Guidelines error that does not result in a sentence exceeding the maximum sentence authorized by statute (or in the enhancement of a minimum mandatory sentence) has no constitutional implications. *See Damon v. United States,* 732 F.3d 1, 3 (1st Cir. 2013).

vacated and a new trial allowed in the 2006 case before the Court of Appeals entered its final dismissal of Cuevas's direct appeal).

The First Circuit has not conclusively addressed the issue of whether an erroneous application of the advisory Sentencing Guidelines that is not barred by a procedural default can constitute a "complete miscarriage of justice" cognizable under section 2255. *See Damon*, 732 F.3d at 3-4 ("We need not here resolve the interesting question that we left open in *Knight* and on which other circuits are divided. Instead, we hold that Damon's Guideline error claim, like that of the petitioner in *Knight,* should have been brought on direct appeal and is thus procedurally defaulted.").

Most circuit courts that have considered the issue have agreed with the view expressed by Judge Boudin in *Cofske*, that section 2255 does not apply to errors in the application of the Sentencing Guidelines unless such errors result in a manifest miscarriage of justice. *See United States v. Pregent*, 190 F.3d 279, 283-284 (4th Cir. 1999); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). *See also Hawkins v. United States,* 706 F.3d 820, 824-825 (7th Cir. 2013) (erroneous classification as a career offender – "[W]e don't think that a sentence that is well below the ceiling imposed

by Congress . . . [should] be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it."); *Sun Bear v. United States,* 644 F.3d 700, 704-706 (8th Cir.2011) (en banc) (same).[4]

Cuevas, like the petitioner in *Hawkins,* was sentenced under the post-*Booker* advisory Guidelines regime. *See United States v. Booker,* 543 U.S. 220, 264 (2005). The recommended Sentencing Guidelines range without the state conviction enhancements was 63-78 months; with the state conviction enhancements, the recommended range was 77-96 months. Here, because Cuevas's ultimate sentence of 84 months did not exceed the statutory maximum for any of the counts for which he was convicted, there was no constitutional or jurisdictional error. Nor is this a case in which this court discerns a manifest injustice counseling against closing the books on Cuevas's sentence. *See Cofske*, 290 F.3d at 445. Rather, I agree with the Seventh Circuit that "[g]iven the interest in finality, [an error in

---

[4] In *Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013), the Eleventh Circuit held that an erroneous career offender designation is cognizable under section 2255 even in the case of a defendant sentenced after *Booker*. That opinion, however, was vacated on March 7, 2014, following the grant of a rehearing en banc.

interpretation of a merely advisory guideline] is not a proper basis for voiding a punishment lawful when imposed." *Hawkins,* 706 F.3d at 824.[5]

## ORDER

For the foregoing reason, Petitioner's motion to vacate, set aside, or correct his sentence is <u>DENIED</u>. However, given the apparent tension between Judge Boudin's position in *Cofske*, that nonconstitutional Guidelines errors are susceptible to attack only in instances of manifest injustice, and the panel's deferral of a resolution of the issue in *Damon*, Petitioner is <u>GRANTED</u> a Certificate of Appealability pursuant to 28 U.S.C. § 2253 directed to this issue and no other.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[5] Cuevas's final claim that the court should reduce his term of supervised release to three years instead of six years raises no claim of constitutional significance as imposition of the six-year term was within the court's statutory discretion. The relevant statute, 21 U.S.C. § 841, provides

> "[A]ny sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of *at least 3 years* in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of *at least 6 years* in addition to such term of imprisonment." (Emphasis added).